IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GREGORY LEE CULVER,

           Plaintiffs,

v.

LORENA BECKER,
LESLIE LANIER,

           Defendants.

Case No. 1:16-cv-00540-CL

**ORDER**

CLARKE, Magistrate Judge.

      Plaintiff Gregory Lee Culver seeks to proceed *in forma pauperis* ("IFP") in this action. For the reasons stated below, Plaintiffs' Complaint is dismissed without prejudice and with leave to refile an amended complaint within thirty days of this ruling. Plaintiff's IFP application (#2) held in abeyance and will be considered when an Amended Complaint is filed. Plaintiff's Application for CM/ECF Registration as a Self-Represented Party is GRANTED.

**LEGAL STANDARD**

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. §

Page 1 – ORDER

1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. Id.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los*

*Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id.

## DISCUSSION

Plaintiff filed his complaint on March 29, 2016, alleging claims against defendants Lorena Becker and Leslie Lanier, a case worker and supervisor for the Oregon Department of Human Services, Children, Adults and Families division, Jackson County office. While there are plenty of factual allegations contained in the complaint, it is unclear to the Court what claims are brought against the defendants. What is clear is that Plaintiff is not happy with the way his child custody case turned out, nor was he satisfied with the defendants' investigation into allegations that his son might have accidentally shot himself in the foot with a gun belonging to the Plaintiff, while in Plaintiff's care.

"[S]ocial workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents.'" *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam) (quoting *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (en banc)); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1108-09 (9th Cir. 2010) (concluding social workers were absolutely immune from suit for their involvement in foster care license revocation proceedings); *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987). "To the extent, however, that social workers also make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial functions, only qualified, no absolute immunity, is available." *Miller*, 335 F.3d at 898; *see also Costanich*, 627 F.3d at 1109 (concluding that state social worker not entitled to absolute

immunity for investigating charges or for filing declaration in support of guardianship termination proceedings); *Beltran*, 514 F.3d at 908-09 (concluding that social workers are not entitled to absolute immunity for their investigatory conduct).

Even if the defendants are only entitled to qualified immunity, however, Plaintiff must still allege facts that show that he suffered a violation of a "clearly established" constitutional right, and "must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, Plaintiff's allegations show that the defendants responded and investigated to allegations brought to their attention by outside third parties, including the child's mother and doctors. Plaintiff does not allege that defendants fabricated evidence against him, or otherwise exercised an "executive abuse of power that shocks the conscience." *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010). Additionally, the Ninth Circuit has held that "mere allegations that [Caseworker] Defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983." *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001) (en banc).

Plaintiff's claims that defendants did not investigate in a timely manner such that his cruise vacation was inconvenienced does not rise to the level of negligence, let alone a constitutional violation. His allegations that defendants did not follow proper procedure in investigating his case, without connecting this conduct to a constitutional deprivation, do not state a claim for relief.

Finally, there is some confusion in the complaint about a possibly related criminal charge and also an ongoing custody battle with Plaintiff's children's mother. The connection of these events to the named defendants is unclear, and nothing indicates that defendants violated the

Plaintiff's constitutional rights in either regard. According to the exhibits attached to Plaintiff's complaint, it appears that the Plaintiff's ultimate "injury," the lack of contact with his children, is a result of a custody order by a Court, separate and apart from any actions or investigation by the defendants. If Plaintiff believes that Court order to be improper, he may challenge it in the Oregon Court of Appeals. A challenge in federal court of a state court order is an improper collateral attack, and this Court has no jurisdiction over such matters.

While the Court must construe pro se pleadings liberally, pro se plaintiffs must still meet the federal pleading standards. I determine that the Plaintiff's complaint does not meet such standards. However, I cannot say that it would be impossible for Plaintiff to allege facts sufficient to state a claim for relief on all issues raised in the Complaint. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment[,]" Plaintiff should be given an opportunity to amend and refile. *Stanger v. City of Santa Cruz,* 653 F.2d 1257, 1257-58 (9th Cir.1980); *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980).

## ORDER

Based on the foregoing, the Court orders that Plaintiffs' Complaint (#1) be dismissed without prejudice, and the IFP Application (#2) be held in abeyance and reconsidered if and when Plaintiff files an Amended Complaint. The Amended Complaint shall be filed no later than May 16, 2016. Plaintiff's request for CM/ECF Registration as a Self-Represented Party is GRANTED.

ORDERED and DATED this ___15___ day of April, 2016.

_____
MARK D. CLARKE
United States Magistrate Judge